1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATHY M. RHOADES,

                        Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                        Defendant.

CASE NO.  C10-5184RJB

REPORT AND
RECOMMENDATION

Noted for October 29, 2010

        This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v.

Weber, 423 U.S. 261 (1976).

        Plaintiff, Cathy Rhoades, brought this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a final decision of the Commissioner of Social Security denying her

applications for supplemental security income and disability income benefits under the Social

Security Act, 42 U.S.C. §§ 401-33.  This matter has been fully briefed.

After reviewing the record, the undersigned finds the ALJ erred when he failed to consider plaintiff's depression in his evaluation of the record and concluded plaintiff was not disabled.  Accordingly, the matter should be remanded to the administration for further consideration.

<u>INTRODUCTION AND PROCEDURAL HISTORY</u>

Plaintiff was born in 1958.  Tr. 172.  She attended school through the tenth grade.  Tr. 74. She is a mother to four grown children.  Tr. 274.  She has worked as a housekeeper, a caregiver, and a child monitor.  Tr. 87.  In 2000 or 2001, plaintiff injured her back while trying to lift a patient, and she alleges she has experienced debilitating pain since the accident.  Tr. 272.

On September 14, 2006, plaintiff filed applications for disability insurance benefits and SSI payments, alleging disability – an inability to work -- since September 5, 2006.  Tr. 172-76, 416-19.  Her applications were denied initially and upon reconsideration.  Tr. 152-58, 421-27. An administrative law judge ("ALJ") held a hearing on June 24, 2008.  Tr. 468-86.  On September 4, 2008, the ALJ issued a decision denying plaintiff's claims.  Tr. 15-27. Specifically, the ALJ found plaintiff retained the ability to perform past relevant work as a housekeeper.  Tr. 26.

On January 14, 2010, the Administration's Appeals Council denied plaintiff's request for review of the ALJ's denial; and therefore, the ALJ's decision is the final administrative decision. Tr. 6-10; 20 C.F.R. §§ 404.981, 416.1481, 422.210 (2010).

The matter is now before the court.  Plaintiff argues the ALJ's decision is not properly supported by substantial evidence and legally erroneous.  Specifically, plaintiff alleges the following errors:

(1)    The ALJ failed to properly determine whether plaintiff has engaged in substantial gainful activity since November 2006.

REPORT AND RECOMMENDATION - 2

(2)     The ALJ failed to properly consider all of plaintiff's functional limitation.

(3)     The ALJ failed to properly evaluate the medical evidence.

(4)     The ALJ failed to properly evaluate plaintiff's testimony regarding her symptoms and limitations.

(5)     The ALJ improperly determined plaintiff's Residual Functional Capacity ("RFC").

(6)     The ALJ erroneously found that plaintiff can perform her past relevant work.

(7)     The Commissioner failed to meet the burden of showing that plaintiff can perform any work in the national economy.

(8)     The Appeals Council erred by failing to remand the matter for a new hearing based upon new evidence.

(9)     This case should be remanded for an award of benefits.

As noted above, the undersigned finds the ALJ erred when he failed to consider plaintiff's depression. This is most evident when the ALJ failed to consider whether or not plaintiff's depression is a severe impairment at step-two of the administrative process and when the ALJ considered the medical opinion of Dr. Cooke. Remand for reconsideration of the ALJ's step-two finding and review of the medical opinion evidence, particularly plaintiff's mental limitations, necessarily requires the administration to reconsider plaintiff's testimony and her residual functional capacity in their entirety. Accordingly, the discussion below is limited to the ALJ's errors at step-two and his review of the medial opinion evidence. The other issues presented by plaintiff are essentially moot and were therefore not specifically addressed in this report.

REPORT AND RECOMMENDATION - 3

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  Id.

Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999)  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th  Cir. 1999).

REPORT AND RECOMMENDATION - 4

# DISCUSSION

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe.  20 C.F.R. §§ 404.1520, 416.920 (1996).  The step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform past work.  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).  A finding that a claimant is severe at step-two only raises a prima facie case of a disability.  Id.; see also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999).

An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28)). The step-two analysis is "a de minimis screening device to dispose of groundless claims," Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)).

Plaintiff bears the burden to establish the existence of a severe impairment that prevented performance of substantial gainful activity, and that this burden lasted for at least twelve

continuous months.  20 C.F.R. §§ 404.1505, 404.1512, 416.905, 416.912; <u>Tidwell v. Apfel</u>, 161

F.3d 599, 601 (9th Cir. 1998); <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*,

517 U.S. 1122 (1996).

Here, the ALJ found plaintiff had the following severe impairments: degenerative disc

disease, diabetes mellitus, fibromyalgia, and obesity.  Tr. 20-22.  With regard to depression, the

ALJ stated, "The claimant also alleges depression in her application.  However, the record

contains no evidence that she has ever been diagnosed with depression."  Tr. 22.

The ALJ's statement is erroneous.  On December 7, 2006, Esther Williams, ARNP, wrote

that plaintiff "seemed depressed."  Tr. 314.  On June 19, 2007, Dr. Cooke diagnosed plaintiff

with depression, and on July 17, 2007, plaintiff presented herself to Dr. Cooke specifically with

complaints of depression.  Tr. 357, 360.  Moreover, plaintiff both reported and testified that she

has been taking anti-depressant medication, Fluoxetine (Prozac), for a significant time.  Tr. 261,

480.  The ALJ's review and his findings regarding depression are not supported by substantial

evidence in the record.

The ALJ's error to include consideration of depression as a severe impairment reflects

the ALJ's failure to carefully review all of the medical opinion evidence, particularly the opinion

and reports of Dr. Cooke.  Dr. Cooke was plaintiff's treating physician for several years.  The

ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

either a treating or examining physician.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996).

Even if a treating or examining physician's opinion is contradicted, that opinion "can only be

rejected for specific and legitimate reasons that are supported by substantial evidence in the

record."  <u>Id</u>. at 830-31.  The ALJ rejected and discounted Dr. Cooke's opinion based entirely on

plaintiff's work activities, "drug-seeking behavior" and credibility.  Tr. 26.  The ALJ explained

that Dr. Cooke's opinion relied too heavily on plaintiff's subjective reports. Tr. 25. The ALJ did not specifically rely on any contradicting medical opinion.

After reviewing Dr. Cooke's reports, the undersigned finds the ALJ's reasoning marginal and insufficient, particularly in light of the ALJ's failure to acknowledge the evidence of depression. Dr. Cooke, like any medical professional, must take into account a patient's statements, but these statements are tempered and tested by medical tests and their professional examination. Dr. Cooke clearly expressed over time that plaintiff's condition and ability to work was getting worse; he consistently diagnosed significant pain, prescribing narcotic drugs on a regular basis to treat the pain. Tr. 117-18, 305, 312-16, 319, 305, 351-59, 363-64. The court is not convinced the ALJ carefully reviewed the medical record or provided sufficient reasoning to properly discount the opinion and records of plaintiff's treating physician, Dr. Cooke.

The ALJ's error at step-two requires remand to the administration to properly consider plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative process incorporating the additional severe impairment and the work limitations possibly caused by depression.

Plaintiff argues the court should reverse the ALJ's decision, "credit as true the evidence which the ALJ improperly discredited" and remand the matter for an award of benefits. Plaintiff's Opening Brief (Doc. 13) at 24. The argument is not well developed.

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989) (citing Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir. 1988)). In Varney, the Ninth Circuit held that if the record is fully developed, a remand for further proceedings is unnecessary. Varney, 859 F.2d at 1401; see also Reddick v. Chater, 157 F.3d 715, 728-730 (9th

1  Cir. 1998) (case not remanded for further proceedings because it was clear from the record

2  claimant was entitled to benefits); Swenson, 876 F.2d at 689 (directing an award of benefits

3  because no useful purpose would be served by further proceedings); Rodriguez v. Bowen, 876

4  F.2d 759, 763 (9th Cir. 1989)(same); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)

5  (accepting uncontradicted testimony as true and awarding benefits because the ALJ failed to

6  provide clear and convincing reasons for discounting the opinion of claimant's treating

7  physician).

8

9       Here, the record has not been fully developed and reconsideration of the medical

10  evidence is necessary to properly review plaintiff's application for benefits.  On remand, the

11  administration should reconsider the matter in its entirety.

12                              **CONCLUSION**

13       Based on the foregoing discussion, the Court should remand the matter to the

14  Administration for further review.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.  72(b),

15  the parties shall have fourteen (14) days from service of this Report to file written objections.

16

17  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

18  purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

19  imposed by Fed. R. Civ. P.  72(b), the clerk is directed to set the matter for consideration on

20  **October 29, 2010**, as noted in the caption.

21       DATED at this 4th day of October, 2010.

22

23

24

25  J. Richard Creatura
    United States Magistrate Judge

26

REPORT AND RECOMMENDATION - 8